UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN HAMIDE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-3865 |
| LANDMARK AMERICAN INSURANCE COMPANY | SECTION "N" (2) |

## ORDER AND REASONS

Before the Court is the Motion for Partial Summary Judgment (Rec. Doc. 25), filed by Defendant Landmark American Insurance Company ("Landmark"). This motion is opposed. (See Rec. Doc. 28). After considering the memoranda of the parties, the exhibits attached thereto, and the applicable law, the Court rules as set forth herein.

Plaintiffs, John Hamide and Napoleon Apartments, LLC (collectively, "Plaintiffs") own immovable property at the following locations: 2304-2308-2312 Harvard Avenue; 4812 Loveland Street; 4817 West Napoleon; and 2508 Pasadena Street, all in Metairie, Louisiana (collectively, "the properties"). Landmark issued Plaintiffs an insurance policy covering the properties, identified by policy no. LHD357326 ("the policy"). (Exhibit A to Rec. Doc. 25).

Plaintiffs made a claim on this policy, arising from wind damages allegedly sustained to the properties by Hurricane Gustav, which occurred on or about September 1, 2008. Sometime

1

thereafter, notice of the wind and rain claim was reported to Landmark, and a claim file was opened and the matter was adjusted by Engle Martin & Associates.

After what Plaintiffs characterize as "delayed and inadequate" payments (See Rec. Doc. 28, p. 2), they filed suit in the Parish of Jefferson, State of Louisiana against Landmark, alleging wind damages at the various Hamide Properties and seeking to recover insurance benefits allegedly owed under the policy. Plaintiffs also have asserted bad faith on the part of Landmark. Landmark then removed this action to this Court. Landmark has filed the instant motion, seeking partial summary judgment in its favor, arguing that this dispute presents no genuine issues of material fact as to the following coverage issues: (1) Landmark asserts that Plaintiffs are only entitled to the actual cash value of covered damages, and not the value at replacement costs; (2) Landmark argues that Plaintiffs are not entitled to coverage for Business Interruption/Extra Expense; (3) Landmark requests a ruling as to the applicability of the various exclusions relating to damages that pre-existed the occurrence of Hurricane Gustav; (4) Landmark requests a ruling as to the applicability of exclusions for damages to paved surfaces and fencing; and (5) Landmark requests a ruling as to the applicability of the Windstorm or Hail Deductible.

In its motion, Landmark directs the Court to numerous policy provisions (i.e., those relating to replacement cost, business income (and extra expense) coverage, various policy exclusions (see pp. 13-16 of Rec. Doc. 25-1), exclusions relating to paved surfaces and fencing, and the windstorm or hail deductible). After reviewing those provisions, and the memoranda filed in connection with the instant motion, the Court agrees with Plaintiffs that Landmark's motion is void of any arguments regarding the applicability of these policy provisions to the actual facts of this case. The policy and the provisions therein speak for themselves. This Court

will not make a pre-trial ruling on the applicability, meaning, and/or enforceability of certain policy provisions without the facts upon which to apply these provisions and make the relevant determinations thereon. Thus,

**IT IS ORDERED** that **Motion for Partial Summary Judgment (Rec. Doc. 25)** is **DENIED**, without prejudice to the right of Landmark to seek a timely summary judgment ruling on the enforceability and applicability of certain provisions, which includes the undisputed facts and Rule 56 evidence necessary for the Court to make such determinations.

New Orleans, Louisiana, this 30th day of June, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**